UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20572-GAYLES

TERRELL MICKELS,

    Plaintiff,

v.

UNITED STATES, et al.,

    Defendants,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, appearing *pro se*, filed this action on February 23, 2022. [ECF No. 1]. Plaintiff failed to pay the requisite filing fee or move to proceed *in forma pauperis*.[1] Because Plaintiff has failed to pay the filing fee, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

---

[1] Pursuant to 28 U.S.C. § 1914(a), parties instituting a civil proceeding must pay a filing fee of $350 unless the application is for a writ of habeas corpus. Pursuant to 28 U.S.C. § 1915(a), a prisoner seeking to bring a civil action without paying the filing fee must submit an affidavit that the prisoner is unable to pay such fees and must submit a certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing of the complaint.

for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

In his Complaint, Plaintiff attempts to assert claims against multiple Defendants for some sort of wrong related to gold or the reprint of currency. [ECF No. 1]. Plaintiff's Complaint contains no details about any Defendant or wrongdoing. As a result, it is impossible to tell what, if anything, Defendants did to harm Plaintiff. In addition, it is unclear what relief Plaintiff seeks. As a result, Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8. Therefore, this action must be dismissed without prejudice for failure to state a claim. Accordingly, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of April, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE